# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| TERRY D. HAMILTON, | ) | 02-24213-SBB |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TERRY D. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-01393-SBB |
| PRAYTEL COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S REQUEST FOR THE COURT TO ACCEPT REPLACEMENT CHECK AND DEEM THE "NOTICE OF DEFICIENCY FOR FAILURE TO PAY FILING FEE" AS "CURED;" AND ACCEPT THE FILING OF ONE DOCUMENT CONSISTING OF: (1) STATEMENT OF ISSUES; (2) THE DESIGNATION OF RECORD ON APPEAL; AND (3) REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE**

The Court, having considered the Plaintiff's Request for the Court to Accept Replacement Check and Deem the "Notice of Deficiency for Failure to Pay Filing Fee" as "Cured;" and Accept the Filing of One Document Consisting Of: (1) Statement of Issues; (2) the Designation of Record on Appeal; and (3) Request for the Court to Take Judicial Notice filed on September 16, 2008 (Docket # 42) ("Motion"), and having reviewed the within Court file and prior Orders of this Court entered in this Adversary Proceeding and in the underlying bankruptcy case, hereby finds and orders as follows:

1. The Chapter 13 proceeding underlying this case was dismissed as a bad faith filing by this Court on February 10, 2003.

2. The within adversary proceeding was filed by debtor, Terry Hamilton ("Debtor"), seeking to void a judgment entered in favor of Praytel Communications Inc. on or about February 13, 2003.

3. This adversary proceeding was filed *pro se* in violation of this Court's Order

dated March 14, 2003 *nunc pro tunc* February 10, 2003.[1]

4. Although not expressly stated, from all appearances, the Motion seeks reconsideration of various Orders and docket entries of this Court, including, but not limited to, its August 22, 2008 Order (Docket #40). Thus, the Motion appears to be filed, at least in part, pursuant to FED.R.CIV.P. 59 (made applicable to adversary proceedings by FED.R.BANKR.P. 9023) or 60 (made applicable to adversary proceedings by FED.R.BANKR.P. 9024). In either instance, "cause" for reconsideration is not met.[2]

5. The Plaintiff herein has pursued almost constant litigation on many fronts and in many courts. He asserts by his Motion that he has "cured" a deficiency for failing to pay a filing fee with respect to the appeal of this Court's Order Dismissing this adversary proceeding. This Adversary Proceeding and related underlying bankruptcy case have been delayed and hampered by delays and legal gymnastics by this Plaintiff and the Court does not conclude that "cause" has been shown to allow the Motion.

IT IS THEREFORE ORDERED that the Motion is DENIED.

Dated this 19th day of September, 2008.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge

---

[1] Docket #91 in Case No. 02-24213-SBB. A copy of the Order is attached hereto as Attachment A and incorporated herein by reference.

[2] Generally, in accordance with case law:

There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice ... [Moreover], a motion for reconsideration is not a licence for a losing party's attorney to get a 'second bite at the apple.'" *In re Zamora,* 251 B.R. 591, 595 (D.Colo. 2000) (quoting *Shields v. Shetler,* 120 F.R.D. 123, 126 (D.Colo. 1988)).